690 F.2d 158
 9 Bankr.Ct.Dec. 1085
 In re MEMORIAL PROPERTIES, INC., Debtor.
ARKANSAS CEMETERY BOARD, Appellant,
v.
MEMORIAL PROPERTIES, INC., Debtor-Appellee.
Middleton P. Ray, Trustee.
In re ROSELAWN PROPERTIES, INC., Debtor.
ARKANSAS CEMETERY BOARD, Appellant,
v.
ROSELAWN PROPERTIES, INC., Debtor-Appellee,
Middleton P. Ray, Trustee.
 No. 82-1281.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1982.
Decided Oct. 18, 1982.
 
 Stephen B. Bennett, Atty., Ark. Securities Dept., Little Rock, Ark., for Ark. Cemetery Bd., appellant.
 Jack Sims, P. A., Little Rock, Ark., for debtors-appellees.
 Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 These cases are before us on a consolidated appeal from the United States District Court, Eastern District of Arkansas, affirming the decisions of the bankruptcy court.
 
 
 2
 Both Memorial Properties, Inc. and Roselawn Properties, Inc. submitted reorganization plans in bankruptcy court pursuant to Chapter 11 of the Bankruptcy Code of 1979, 11 U.S.C. §§ 1101-74 (1979). Appellant Arkansas Cemetery Board (hereinafter Board) opposed both plans. The Board claimed that fees and fines owed to the fund under Arkansas law were "claims" of the Board within the meaning of 11 U.S.C. § 101(4) (1979).[1] The bankruptcy court found that the fees and fines were not "claims" of the Board, and did not allow the Board to vote the amounts of the fees and fines with the unsecured creditors.[2] Had the Board been allowed to vote, then the required two-thirds approval (11 U.S.C. § 1126(c) (1979)) would not have been met for the class of nonpriority, unsecured creditors.[3] The bankruptcy court confirmed the plan, and the Board appealed to the district court, which affirmed. The Board now appeals to this court.
 
 
 3
 Arkansas law requires every cemetery to establish a permanent maintenance fund, the income from which can only be used for the general upkeep of the cemetery. Ark.Stat.Ann. § 82-426.13 (Supp. 1981). The statute requires that the cemetery deposit ten percent of the gross proceeds of each cash sale into the maintenance fund within 45 days of the sale. There are also provisions for installment sales. If a cemetery fails to make timely payments, then the Board is empowered to go to state court for a compliance order, and a fine of ten dollars per day until payment is made can be imposed by the Board. The Board then puts the payments into the cemetery's permanent maintenance fund.
 
 
 4
 Memorial Properties, Inc. owed $13,810.60 in regular contributions and $22,900.00 in penalties; Roselawn owed $1,045.50 in regular contributions and $12,840.00 in penalties. In each case, the Board attempted to get the contribution and penalty classified as nonpriority, unsecured. In both cases, the bankruptcy court disallowed contribution and the penalty, finding that the Board did not have a "claim" within the meaning of 11 U.S.C. § 101(4) (1979). The effect of this disallowance meant that the Board was not permitted to vote the amounts in question. This resulted in the approval of the plan by unsecured, nonpriority creditors.
 
 
 5
 The district court agreed with the bankruptcy court that the Board had no "claims" to these funds prior to the issuance of state court orders directing compliance with the statute. After carefully reviewing the ruling of the district court, and the arguments of the Board, we are satisfied that the district court was correct in this determination. Accordingly, we affirm pursuant to Rule 14 of the rules of this court.
 
 
 
 [1]
 11 U.S.C. § 101(4) states in relevant part:
 (4) "claim" means-
 (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
 (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;
 
 
 [2]
 The bankruptcy court found that the Board had a right to payment for $100.00 in fees and $7,319.32 for audit costs pursuant to Ark.Stat. §§ 82-426.19 and 82-426.20 (Supp. 1981)
 
 
 [3]
 The bankruptcy court might have approved the plans even if the Board had been permitted to vote the claims and vote against the reorganization under the "cram down" provision of 11 U.S.C. § 1129(a)(7)(A)(ii)